Tagged Opinion



**ORDERED in the Southern District of Florida on September 17, 2010.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In re:                                              **Case No. 09-24622-EPK**

**STEVEN ALLEN ROGOVE,**                             **Chapter 7**

      **Debtor(s).**
_____/

**ORDER DENYING TRUSTEE'S AMENDED APPLICATION FOR TURNOVER**

      This matter came before the Court for an evidentiary hearing on June 17, 2010 upon the *Trustee's Amended Application for Turnover* [DE 76] (the "Motion") filed by Michael R. Bakst (the "Trustee"). In the Motion, the Trustee requests turnover of funds received by Steven Allen Rogove (the "Debtor") as distributions from the Roslyn Rogove Special Needs Trust in the aggregate amount of $40,500.00. This sum represents $18,000.00 received by the Debtor prior to the petition date, and $22,500.00 received by the Debtor within 180 days after the petition date.

1

Upon consideration of the Motion, the *Trustee's Memorandum of Law in Support of the Trustee's Amended Application for Turnover* [DE 77], the testimony of the Debtor at the June 17, 2010 evidentiary hearing, the documentary evidence admitted in connection with the Trustee's Motion, and for the reasons stated below, the Court denies the Trustee's Motion. The Court delivered an oral ruling on the Motion at a hearing held on July 15, 2010. This order incorporates the Court's findings at the June 17, 2010 evidentiary hearing and at the July 15, 2010 oral ruling.

I.    Background and Facts

On July 17, 2009, the Debtor filed a voluntary chapter 7 petition commencing this case. The Debtor received $18,000.00 in distributions from the Roslyn Rogove Special Needs Trust prior to the filing of his petition and $22,500.00 in distributions from the trust during the 180 days after the filing of his petition.

The Roslyn Rogove Special Needs Trust agreement is dated December 24, 2008.[1] It states that Cynthia Dallow is the grantor and trustee of the trust. Cynthia Dallow is the Debtor's sister. According to Article I, Section 1 of the trust agreement, Ms. Dallow initially funded the trust with a deposit of $100.00. Article I, Section 2 of the trust agreement provides that other property may be transferred to the trust by anyone, with the consent of Ms. Dallow as trustee. Thus, Ms. Dallow retained complete control over which property could be added to the trust. It is undisputed that Ms. Dallow is alive and remains trustee of the trust.

---

[1] Exhibit 2, admitted at the evidentiary hearing, includes a copy of the Roslyn Rogove Special Needs Trust. This document has 23 numbered pages. Exhibit 2 also includes a copy of a Fourth Amendment to the Revocable Trust Agreement of Harry Rogove & Roslyn "Ronni" Rogove. This Fourth Amendment has 7 numbered pages. The Fourth Amendment relates to a different trust, not at issue in this case. In his memorandum of law in support of the Motion, the Trustee quoted from this Fourth Amendment. Because the Fourth Amendment has nothing to do with the matter at hand, the Court has not considered it in ruling.

As its title suggests, the primary beneficiary of the trust was Roslyn Rogove, the Debtor's mother. The trust agreement provides that the trust was set up as a fully discretionary trust for the primary benefit of Roslyn Rogove.

Section 5 of the trust agreement includes a spendthrift provision for the benefit of Roslyn Rogove and also for the benefit of any remainder beneficiaries. The Debtor and his sister were remainder beneficiaries. This section provides that the spendthrift provisions are to be construed and enforced under the laws of the State of Florida. As the Trustee conceded, under Florida law the subject spendthrift provision is enforceable with regard to creditors of the Debtor.

Roslyn Rogove died prior to the petition date in this case. Article III, section 1, of the trust agreement provides that upon the death of Roslyn Rogove, Ms. Dallow, as trustee, had complete and absolute discretion not to terminate the trust, but instead to hold the trust property subject to the provisions of the agreement. Based on the evidence presented at the evidentiary hearing, Ms. Dallow exercised this discretion, maintained the trust, and made distributions pursuant to the terms of the trust agreement for a period of years after Roslyn Rogove's death. Pursuant to Article III, Section 2, the Debtor had a 50% beneficial interest in the trust after Roslyn Rogove's death. Under the same section, the trust property remained subject to the spendthrift provisions and Ms. Dallow, as trustee, retained complete discretion with regard to distributions of income and principal.

The trust agreement does not contain a general choice of law provision. However, both the spendthrift provision, at Article I, section 5, and the trustee powers provision, at Article VI, section 3, incorporate Florida law. In any case, at the evidentiary hearing the trustee and the Debtor agreed that Florida substantive law applies to interpretation of the trust agreement.

3

II.    Analysis

With regard to the pre-petition distributions, the question is whether the Debtor held those sums at the time he filed his petition, in which case such sums would be property of the estate under 11 U.S.C. § 541(a)(1).  With regard to the post-petition distributions, the question is whether they satisfy the requirements of 11 U.S.C. § 541(a)(5)(A) and thus should be included in property of the estate.

Section 542(a) of the Bankruptcy Code provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."  11 U.S.C. § 542(a).  Section 363(b) authorizes the trustee to use, sell, or lease "property of the estate," which is defined by section 541(a).  *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983).  Therefore, pursuant to section 542(a) the Debtor must deliver to the Trustee any property of the estate, as defined in section 541(a), within his possession, custody, or control during the case.  *Id.* at 205.

The Trustee carries the burden of proof in a motion for turnover of estate property.  *Maggio v. Zeitz*, 333 U.S. 56, 64 (1948).  The Trustee must prove that the subject property constitutes property of the estate and that the defendant is in possession of that property.  *Id.*  While older case law suggests that the burden of proof is by clear and convincing evidence, the correct standard is by a preponderance of the evidence.  *E.g., In re Santaella*, 298 B.R. 793 (Bankr. S.D. Fla. 2002).

   (a) *Pre-petition distributions from the Roslyn Rogove Special Needs Trust are not property of the estate under section 541(a)(1)*

Section 541(a)(1) defines property of the estate as property "wherever located and by whomever held" and includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of estate property included under section 541(a)(1) is broad and may include property made available to the estate by other provisions of the Bankruptcy Code, including section 542(a). *Whiting Pools, Inc.*, 462 U.S. at 205.

As an exception to the broad scope of section 541(a)(1), section 541(c)(2) provides that a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under title 11. 11 U.S.C. § 541(c)(2). This provision is commonly interpreted to protect a debtor's beneficial interest in a spendthrift trust from becoming property of the estate. *Menotte v. Brown (In re Brown)*, 303 F.3d 1261, 1265 (11th Cir. 2002). However, this provision does not protect funds actually received by a debtor from a spendthrift trust prior to a bankruptcy petition from becoming property of the estate, assuming the debtor still holds such funds on the petition date. *In re Schauer*, 246 B.R. 384, 387 (Bankr. D.N.D. 2000). [2]

The Debtor testified credibly that he received $18,000.00 from the trust over a period of months prior to the petition date, spent that amount on his living expenses and debt repayment,

---

[2] At the evidentiary hearing, the Court received a copy of correspondence from the Debtor's prior counsel, sent to the Trustee, presenting certain legal arguments relating to the subject of the Motion. The Trustee agreed that the Court could consider that correspondence as additional legal argument in this matter. That correspondence pointed to certain case law, applying law other than Florida law, holding that distributions of principal from a spendthrift trust remain protected under section 541(c)(2) even after they are received by a debtor-beneficiary, but that distributions of income from a spendthrift trust do not. However, under Florida law, the spendthrift provision protects only the beneficiary's expectancy. *See* Fla. Stat. § 736.0502(3); *Miller v. Kresser*, 34 So. 3d 172, 175-76 (Fla. 4th DCA 2010). Funds actually distributed from a spendthrift trust are no longer protected in the hands of the beneficiary. *Miller*, 34 So. 3d at 176. Thus, if a beneficiary receives a distribution from a spendthrift trust, income or principal, and places it into a bank account in his own name, a creditor may garnish that account. This argument is not material to the Court's decision but is addressed here because it was raised by the Debtor.

and did not have any of that amount in his possession at the time he filed the petition commencing this case.  Because the Debtor was not in possession, custody, or control of any of the pre-petition distributions from the trust on the date he filed the petition, such funds are not property of the estate under section 541(a) and the Trustee may not recover those funds under section 542(a).  To the extent the Trustee's Motion requests turnover of the value of such pre-petition distributions, the Motion is denied.

 *(b) Post-petition distributions from the Roslyn Rogove Special Needs Trust are not property of the estate under section 541(a)(5)(A)*

 Pursuant to section 541(a)(5)(A), property of the estate includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . by bequest, devise, or inheritance."  11 U.S.C. § 541(a)(5)(A).

 The focus of section 541(a)(5)(A) is on the terms "bequest," "devise," and "inheritance."  In the absence of controlling federal law, interests in property are created and defined by state law.  *Butner v. U.S.*, 440 U.S. 48, 55 (1979).  Neither the Bankruptcy Code nor other controlling federal law defines the terms "bequest," "devise," or "inheritance" in the context of section 541(a)(5)(A).  The Court must analyze whether the post-petition distributions from the Roslyn Rogove Special Needs Trust constitute a "bequest," "devise," or "inheritance" under applicable state law.  *E.g., In re Roth*, 289 B.R. 161, 166 (Bankr. D. Kan. 2003); *Magill v. Newman (In re Newman)*, 903 F.2d 1150, 1153 (7th Cir. 1990).  As noted above, the parties agreed at the evidentiary hearing that Florida law governs interpretation of the trust agreement.

 In Florida, the terms "bequest" and "devise," when used as nouns, are synonyms meaning "a testamentary disposition of real or personal property."  FLA. STAT. § 731.201(10); *see*

6

*Mosgrove v. Mach*, 182 So. 786, 791 (Fla. 1938).  A testamentary disposition is the transfer of property under a will.

While the term "inheritance" is not defined by statute in Florida, Florida courts have used the term "inherit" to mean the transfer of property of a decedent without a will under the relevant laws of intestacy.  *See, e.g., Snyder v. Davis*, 699 So. 2d 999, 1002 (Fla. 1997) ("Under the common law, an heir was a person designated to inherit in the event of intestacy at the death of the decedent.").  The primary definition of "inheritance" in Black's Law Dictionary is "[p]roperty received from an ancestor under the laws of intestacy."  *Black's Law Dictionary* 853 (9th ed. 2009).  The Court finds no reason why Florida courts would not adopt this definition of "inheritance."  *Cf. Roth*, 289 B.R. at 166 (applying the traditional meaning of "inheritance" from Black's Law Dictionary because Kansas law does not directly define the term).

The transfers of property to the Debtor under the Roslyn Rogove Special Needs Trust did not occur under a will nor did they occur as a result of the law of intestacy of any state.

A trust created under a will is known as a testamentary trust.  Distributions received by a debtor within 180 days after a bankruptcy petition from a testamentary trust become property of the estate under section 541(a)(5)(A).  *Birdsell v. Coumbe (In re Coumbe)*, 304 B.R. 378, 386 (B.A.P. 9th Cir. 2003); *Heidkamp v. Galliher (In re Hunger)*, 272 B.R. 792, 794-95 (Bankr. M.D. Fla. 2002); *York v. Kragness (In re Kragness)*, 58 B.R. 939, 949 (Bankr. D. Or. 1986); *Togut v. Hecht (In re Hecht)*, 54 B.R. 379, 385 (Bankr. N.Y. 1985).  A trust created by a will "is itself a testamentary disposition" and constitutes a bequest under section 541(a)(5)(A).  *Schauer*, 246 B.R. at 388 (quoting *Kragness*).  The Roslyn Rogove Special Needs Trust was not created by will and does not constitute a testamentary trust under these decisions.

7

The Roslyn Rogove Special Needs Trust is an *inter vivos* trust as it was created and effective during the life of its settlor, Cynthia Dallow.  Distributions from an *inter vivos* trust do not become property of the estate under section 541(a)(5)(A) even if such distributions are triggered by the death of the settlor.  *E.g., Roth*, 289 B.R. at 167; *Schauer*, 246 B.R. at 388; *In re Crandall*, 173 B.R. 836, 839 (Bankr. D. Conn. 1994); *Newman v. Magill*, 99 B.R. 881, 884 (C.D. Ill. 1989).  Where property was initially transferred into an *inter vivos* trust as a result of a pour-over clause in a will, the ultimate transfer from the trust still does not constitute a bequest under section 541(a)(5)(A).  *In re Katusky*, 372 B.R. 910, 912 (Bankr. D. Minn. 2007); *In re Mattern*, No. 05-40985, 2006 WL 3479016, at *5 (Bankr. D. Kan. March 9, 2006).  The plain meaning of the term "bequest" does not include transfers of property from *inter vivos* trusts and other will substitutes.  *Crandall*, 173 B.R. at 838-39; *Zimmerman v. Spencer (In re Spencer)*, 306 B.R. 328, 334-36 (Bankr. C.D. Cal. 2004) (citing *Crandall*); *see also Williamson v. Hall (In re Hall)*, BAP No. KS-08-88, Bankruptcy No. 06-40887, 2009 WL 4456542, at *6-7 (B.A.P. 10th Cir. 2009) (applying same analysis to exclude payable-on-death accounts from the definition of bequest under section 541(a)(5)(A)).  The Court "cannot simply assume that Congress intended to include every vehicle for transferring property upon death" within the scope of section 541(a)(5).  *Roth*, 289 B.R. at 168.

A minority of reported decisions employ the term "testamentary trust" broadly to include *inter vivos* trusts that distribute property upon the death of the settlor, thereby implicating section 541(a)(5)(A).  *In re Hunter*, 261 B.R. 789, 792 (Bankr. M.D. Fla. 2001); *In re Gower*, 184 B.R. 163, 164-66 (Bankr. M.D. Fla. 1995).  However, the court in *Hunter* and *Gower* did not examine whether distributions from the subject *inter vivos* trusts, triggered by the death of the settlor, constituted testamentary dispositions under applicable state law.

8

Florida law recognizes the possibility of an *inter vivos* trust with testamentary aspects.[3] *See* FLA. STAT. § 736.0403(2)(b); *Robinson v. Robinson (In re Estate of Robinson)*, 720 So. 2d 540, 541 (Fla. 4th DCA 1998).  An *inter vivos* trust with testamentary aspects must be executed with the formalities of a will.  FLA. STAT. § 736.0403(2)(b).  A trust's testamentary aspects are those provisions of the trust instrument that dispose of the trust property on or after the death of the settlor other than to the settlor's estate.  *Id.*  This definition of "testamentary aspects" applies only for purposes of subsection 736.0403(2)(b) of the Florida Statutes.  *Id.*

The presence of "testamentary aspects" in a trust does not mean that the trust constitutes a testamentary disposition under Florida law.  Indeed, a trust that retains the entire beneficial estate in the settlor during his life and disposes of the estate upon his death may be, in practical effect, a testamentary disposition.  *See Johns v. Bowden*, 66 So. 155, 159 (1914) (analyzing trust agreement in light of Florida's constitutional restriction against the testamentary disposition of homestead property); *In re Johnson's Estate*, 397 So. 2d 970, 972 (Fla. 4th DCA 1981) (same). However, before and after the enactment of subsection 736.0403(2)(b) of the Florida Statutes and its predecessor statutes, Florida courts have ruled that an *inter vivos* trust that has testamentary aspects is not testamentary, or the functional equivalent of a will, under Florida law.  *Zuckerman v. Alter*, 615 So. 2d 661, 663 (Fla. 1993); *Robinson*, 720 So. 2d at 542; *Schroeder v. Gebhart*, 825 So. 2d 442, 445 (Fla. 5th DCA 2002).  "If by the terms of the trust an interest passes to the beneficiary during the life of the settlor, although that interest does not take effect in enjoyment or possession before the death of the settlor, the trust is not testamentary."

---

[3] The argument that the Roslyn Rogove Special Needs Trust could have testamentary aspects and that such classification under Florida law could impact the Court's determination under section 541(a)(5)(A) was not raised by the Trustee.  After review of the case law applying section 541(a)(5)(A) in the context of various state laws, many of which are substantially similar to that of Florida, the Court has not found a reported decision where such an argument was raised.  Nevertheless, in light of the existence of the Florida statutory provisions addressed below, the Court finds it appropriate to address the issue.

*Zuckerman*, 615 So. 2d at 663.  Therefore, an *inter vivos* trust, even if it contains testamentary aspects, does not constitute a bequest or devise under Florida law, and distributions from such a trust cannot become property of the estate under section 541(a)(5)(A).

Even if the Court were to consider an *inter vivos* trust with testamentary aspects as coming under the auspices of section 541(a)(5)(A), the Roslyn Rogove Special Needs Trust is not such a trust.  Again, a trust's testamentary aspects are those provisions of the trust instrument that dispose of the trust property on or after the death of the settlor other than to the settlor's estate.  Florida law defines a settlor as

> a person, including a testator, who creates or contributes property to a trust.  If more than one person creates or contributes property to a trust, each person is a settlor of the portion of the trust property attributable to that person's contribution except to the extent another person has the power to revoke or withdraw that portion.

FLA. STAT. § 736.0103(16).  Based on the evidence before the Court, Cynthia Dallow is the sole settlor of the Roslyn Rogove Special Needs Trust.  According to Article I, Section 1, of the trust agreement, Ms. Dallow, as grantor, initially funded the trust with $100.  While the Debtor stated during the evidentiary hearing that funds resulting from the sale of a home once occupied by Roslyn Rogove were later added to the trust, there was no evidence offered as to whether Roslyn Rogove was the owner of such house, whether she owned it with others, how such proceeds were added to the trust, when such proceeds were added to the trust, whether other assets were added to the trust, whether other distributions from the trust were made to Roslyn Rogove, the Debtor, or the Debtor's sister, or the timing of such deposit as it related to such distributions.  From the evidence offered, the Court cannot determine that Roslyn Rogove contributed property to the trust.  In addition, Cynthia Dallow had the power to refuse any addition to the trust by withholding her consent as trustee under Article I, Section 2 of the trust agreement.  This power

means that no other person could be considered settlor of the trust.  *See* FLA. STAT. § 736.0103(16).  As a result, the Court concludes that Cynthia Dallow is the sole settlor of the Roslyn Rogove Special Needs Trust.

The distributions to the Debtor as beneficiary do not depend on the death of the settlor. The Debtor had the right to receive, and did receive, disbursements from the trust during the settlor's life.  Indeed, the Debtor has received all of the distributions in question and Ms. Dallow is still alive.  For these reasons, the Roslyn Rogove Special Needs Trust does not have testamentary aspects under Florida law.

For the foregoing reasons, the distributions received by the Debtor after the petition date in this case, totaling $22,500, are not property of the estate under section 541(a)(5)(A).  To the extent the Trustee's Motion requests turnover of the post-petition distributions, the Motion is denied.

III.    Conclusion

For the foregoing reasons, the Court hereby ORDERS and ADJUDGES that the *Trustee's Amended Application for Turnover* [DE 76] is DENIED.

###

Copies furnished to:

Steven Allen Rogove

Michael R. Bakst

AUST

11